UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GLENDA ROTHBERG, as Executor of Estate of Glenn Morris, Sr. and Attorney-in-Fact for Faynell Morris, *Plaintiff*, v. CINCINNATI INSURANCE COMPANY, *Defendant*. | Case No. 1:06-CV-111 Chief Judge Curtis L. Collier |

## MEMORANDUM & ORDER

Before the Court is an issue regarding the ethical propriety of counsel for one of the parties remaining in this case. Having considered the facts before the Court and the applicable law, the Court determines that it is ethical for counsel to remain in the case.

This case is a breach of contract lawsuit arising out of an insurance contract. Plaintiff Glenda Rothberg alleges Defendant Cincinnati Insurance Company committed breach of contract by denying an insurance claim filed by Glenn Morris, Sr. and Faynell Morris ("the insured"), for whom Plaintiff serves as executor of estate and attorney-in-fact, respectively. Plaintiff also alleges that in the course of denying the insurance claim, Defendant's counsel ("Defense Counsel") made false statements, which are part of the basis for Plaintiff's claims of misrepresentation and violation of the Tennessee Consumer Protection Act.

On the eve of trial, the Court became aware of Defense Counsel's involvement in the facts underlying those claims. In considering a motion in limine, the Court recognized a potential significant ethical issue should Defense Counsel's out-of-court statements be introduced and Defense Counsel's credibility was then interjected into the trial. This ethical issue had not been

briefed by either side. After discussing this issue with counsel of the morning of trial, the Court ordered the parties to submit briefs discussing whether Defense Counsel could represent Defendant at trial. The parties have now submitted their briefs (Court File Nos. 202, 203, 205, 206).

Plaintiff now requests the Court disqualify Defense Counsel. Defense Counsel offers to withdraw on the condition he can be added as a witness; alternatively, Defendant suggests Defense Counsel is not obligated to withdraw. For the following reasons, the Court **DECLINES** to disqualify Defense Counsel. In addition, the Court will set a new trial date of **July 28, 2008**.

I.     **RELEVANT FACTS**

This case stems from the collapse of a retaining wall on property insured by Defendant. Plaintiff's position is that Defense Counsel acted as Defendant's claims adjuster, and Plaintiff plans to introduce evidence about statements Defense Counsel made in writing or verbally. One issue in this case is whether the wall collapse resulted from a landslide or hydrostatic pressure. Plaintiff contends that Defendant had Defense Counsel replace its normal insurance adjuster, who had initially obtained an engineering report attributing the loss to hydrostatic pressure. Defense Counsel then allegedly disregarded that report and found another engineer, one who had previously provided litigation support for Defense Counsel, who made a preliminary finding the collapse resulted from a landslide.

Plaintiff also alleges that Defense Counsel was actively seeking to present a fraud defense to the insured's claim while misrepresenting that it would pay the claim. This allegation is based in part on a written record of a phone conversation between Defense Counsel and another party. Defendant admits the phone conversation took place but denies Defense Counsel's statement was

2

recorded exactly, which creates a factual dispute as to what was actually said. Plaintiff alleges the fraud defense was falsely based on an alleged defect or omission in the application for insurance (a 2004 landslide), which Defense Counsel allegedly knew was not false. Defendant contends it was under no duty to inform the insured of the fraud investigation. Defendant is no longer asserting a fraud defense, and Defendant agrees that the insured informed Defendant of the 2004 landslide.

Another of Plaintiff's bases for disqualification is a letter Defense Counsel sent the insured dated October 26, 2005. Plaintiff contends that letter contained multiple misrepresentations. Defendant contends other witnesses can testify to and defend "most, if not all of the statements" in the letter. Plaintiff also alleges the letter emphasized that Defendant's expert, Rami Mishu, had determined immediate repairs to the property were necessary, which prompted the insured to build a soil nail wall. In Mishu's deposition, Plaintiff contends he contradicted Defense Counsel by testifying he had only urged tests to determine if repairs were necessary. Defendant contends Mishu and Defendant's claims adjuster can testify to these matters. Plaintiff also contends the letter is an admission by Defendant that the damaged property was attached to the dwelling, which is an issue in dispute based on the terms of the insurance contract. Defendant contends the letter speaks for itself.

**II.    DISCUSSION**

Attorneys appearing in this court are governed by its local rules. *Bartech Indus. v. International Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). This court, through Local Rule 83.6, has adopted the Tennessee Rules of Professional Conduct as rules of professional conduct. Rule 3.7(a) of the Rules of Professional Conduct states:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) disqualification of the lawyer would work substantial hardship on the client.

Because the rule is modeled on the American Bar Association's Model Rules of Professional Conduct, and numerous states have adopted similar language, numerous courts across the country have interpreted the "necessary witness" language.

For a lawyer to be a necessary witness, his testimony must be relevant, material, and unobtainable elsewhere. *Carta v. Lumbermens Mut. Cas. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006); *World Youth Day v. Famous Artists Merchandising Exch.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994) (citing *Security Gen. Life Ins. Co. v. Superior Court*, 718 P.2d 985, 988 (Ariz. 1986)); *Beller v. Crow*, 742 N.W.2d 230, 235 (Neb. 2007). Thus, an attorney is a "necessary witness" only if "there are things to which he will be the only one available to testify." *Droste v. Julien*, 477 F.3d 1030, 1035 n.7 (8th Cir. 2007) (citing *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)); *accord United States v. Starnes*, 157 F. App'x 687 (5th Cir. 2005); *Harter v. University of Indianapolis*, 5 F. Supp. 2d 657, 665 (S.D. Ind. 1998).

The "likely to be a necessary witness" standard replaces the old disciplinary rule, which governed in Tennessee until 2003. Under the old standard, a lawyer was prohibited from representing a client at trial if the lawyer "ought to be called as a witness." *Coakley v. Daniels*, 840 S.W.2d 367, 371 (Tenn. Ct. App. 1992). Although the new rule is considered more restrictive in disqualifying lawyers, *Cannon Airways, Inc. v. Franklin Holdings Corp.*, 669 F. Supp. 96, 99 (D. Del. 1987), Tennessee court interpretations of the old rule are still instructive. For instance, even under the old rule, disqualification was unnecessary "if it is unlikely that [the attorney] will be called

4

as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue." *Whalley Dev. Corp. v. First Citizens Bancshares, Inc.*, 834 S.W.2d 328, 331 (Tenn. Ct. App. 1992). In contrast, the Tennessee Court of Appeals found no abuse of discretion in disqualifying an attorney who was the "only witness who [could] testify" on a disputed matter. *Id.* Thus, interpretations of both the old and new rules show that Defense Counsel should not be disqualified if other witnesses can testify to matters within his knowledge.

Plaintiff, as the party seeking disqualification, bears the burden of proof. *Eon Streams, Inc. v. Clear Channel Communs., Inc.*, 2007 WL 954181, 2007 U.S. Dist. LEXIS 23950, *7 (E.D. Tenn. Mar. 27, 2007); *Bartech Indus.*, 910 F. Supp. at 392. In deciding whether disqualification is warranted, the Court is tasked with upholding the highest ethical standards of the profession, protecting litigants' interests, and maintaining the integrity of the judicial process. *Eon Streams*, 2007 U.S. Dist. LEXIS 23950 at *7 (citing *Bartech Indus.*, 910 F. Supp. at 392).

Plaintiff argues Defense Counsel was heavily involved in the denial of insurance coverage, thus making him a witness to the alleged deceptive acts. Defendant contends most or all of Plaintiff's allegations can be answered by other defense witnesses and that communications made by Defense Counsel speak for themselves. Having reviewed the parties' briefs in the context of the entire record of this case, the Court is not convinced Defense Counsel's testimony is unobtainable elsewhere. Weighing in favor of disqualification is that Defense Counsel's subjective intentions could be relevant to Plaintiff's claim under Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109(a), where the extent of liability is based in part on whether a violation was willful or knowing and whether the defendant acted in good faith. *C.f. Harter*, 5 F.Supp.2d at 666 (declining to disqualify an attorney because her subjective intentions were not relevant). Weighing against

5

disqualification is that Plaintiff has never sought to call Defense Counsel as a witness at trial (apparently because Plaintiff will use written or oral statements of Defense Counsel made prior to trial so there is no need to have Defense Counsel as a witness to introduce these statements), so he is clearly not a necessary witness for her. Nor is the Court persuaded there exist "discrepancies and knowledge gaps" between Defense Counsel and other witnesses that would necessitate Defense Counsel's testimony, as occurred in *Juan Carlos Ayus, M.D., P.A. v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714 (S.D. Tex. 1999). Defendant avers other witnesses can testify as to actions involving Defense Counsel, so his testimony would not be unobtainable elsewhere.

Defendant is an insurance company and can be considered a sophisticated and experienced litigant. If Defendant decides it does not need Defense Counsel to testify on its behalf, that is its choice. Although it may be helpful for Defendant if Defense Counsel testifies, that is not the standard for disqualification. *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 417 (Ind. Ct. App. 2006) (quoting *Harter*, 5 F.Supp.2d at 663) ("A necessary witness is not the same thing as the 'best' witness."). To the extent Defendant is prejudiced by not having the benefit of testimony of Defense Counsel, that is the risk Defendant runs. In addition, although it conceivable the Court will allow a "missing witness" instruction if Defense Counsel does not testify, *see Boyd v. Boyd*, 680 S.W.2d 462, 467 (Tenn. 1984), that does not mean the attorney is a necessary witness.

Under these facts, where Defendant avers that it can address Plaintiff's allegations without Defense Counsel's testimony, and Plaintiff has not met its burden of proving otherwise, the Court **DECLINES** to disqualify Defense Counsel. Having now had the benefit of arguments from both parties, the Court does not find any ethical impropriety with Defense Counsel continuing to represent Defendant. If Defendant retains Defense Counsel for this trial, it does so with full

knowledge that Defense Counsel may not testify during the trial.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**